## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CONTINENTAL CASUALTY COMPANY**                    **CIVIL ACTION**

**VERSUS**                                          **CASE NO. 14-1124**
                                                    **c/w      14-1438**

**TLC SERVICES, INC.**                              **SECTION "B"(4)**

### ORDER AND REASONS

**I.   Nature of Motion and Relief Sought**

This consolidated matter is before the Court on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(7) or, in the alternative, on the grounds of abstention by Defendant, TLC Services, Inc.[1] Plaintiff, Continental Casualty filed an opposition to the motion.[2] Consolidated Plaintiff, Rockhill Insurance Company also filed an opposition to the motion.[3] Defendant filed a reply.[4] The motion, set for submission on December 3, 2014, is before the Court, without oral argument.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and on the grounds of abstention is **GRANTED** and the instant action is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Rec. Docs. No. 15, 24.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. No. 25.
[4] Rec. Docs. No. 28, 29.

1

## II.    Statement of Facts and Procedural History

This diversity action for declaratory judgment arises out of underlying wrongful death and survival suits, and the ensuing issues related to liability insurance coverage.[5] In April and May of 2014, TLC Services, Inc. ("TLC") was named as a defendant in two separate wrongful death and survival actions in the Civil District Court for the Parish of Orleans.[6] One action was resolved.[7] The remaining case, *Gee*, alleges that TLC was negligent in providing allegedly contaminated linen products that resulted in the death of a minor child at Children's Hospital in New Orleans in 2008.[8] All damages allegedly sustained arise of exposure to and ultimate death from mucormycosis, an infection caused by fungi, alleged to be spread by the linens.[9] The case names as defendants: TLC and its insurers, Continental Casualty Company ("Continental"), and Rockhill Insurance Company ("Rockhill").[10]

Continental issued a Business Owners Liability policy to TLC for the effective period of December 31, 2007 to December 31, 2008, providing coverage for "bodily injury," "property damage,"

---

[5] 28 U.S.C. § 2201; Rec. Doc. No. 15-1 at 2.
[6] *Terrel Jones and Cassandra Gee v. Children's Hospital and TLC Services, Inc*., No. 2014-3900, Div. A-15 9 ("*Gee*") and *Tina Scanlon, Individually and on behalf of their Minor Child, Caroline Scanlon v. Children's Hospital, Continental Casualty Company, TLC Services, Inc., Lafayette Insurance Company, Aramark Management Services, Limited Partnership, Glenn Cobb and XYZ Insurance Company*, No. 2014-4849, Div. M-13 ("Scanlon").
[7] Rec. Doc. No. 31, 31-2 at 3..
[8] Rec. Doc. No. 15-1 at 3.
[9] Rec. Doc. No. 1 at 5.
[10] *Id*. ; Rec. Doc. No. 17-2 at 15.

and "personal and advertising injury."[11] TLC tendered the defense of the *Gee* action to Continental on May 1, 2014.[12] Continental initially denied coverage and a duty to defend; however, on May 16, 2014, Continental agreed to provide TLC with a defense under a non-waiver agreement, preserving all coverage defenses available to Continental.[13]

On June 5, 2014, Continental filed an amended complaint seeking a declaration that: (1) Continental can immediately withdraw from the defense; (2) the Fungi Exclusion in the insurance policy is clear and unambiguous; and (3) the Fungi exclusion bars coverage for TLC for the damages allegedly sustained by state court plaintiffs.[14]

Rockhill issued a Commercial Umbrella Policy to TLC, effective from December 31, 2007 to December 31, 2008, providing: "this policy provides coverage on a claims made basis...if the scheduled underlying [Continental] policy provides claims made coverage."[15]

On June 20, 2014, Rockhill filed a complaint seeking a declaration that: (1) Rockhill owes no duty to defend TLC in the pending state court matters; (2) the Fungi Exclusion in the

---

[11] *Id.*

[12] Rec. Doc. No. 1 at 5.

[13] *Id.*

[14] Rec. Doc. No. 8 at 1-2.

[15] Case No. 14-1438,  Rec. Doc. No. 1 at 5.

Continental Policy bars coverage under the Rockhill Commercial Umbrella Policy ("Umbrella Policy") for TLC; and (3) the clear and unambiguous Fungi Exclusion in the Umbrella Policy bars coverage for TLC for the damages sustained by the state court plaintiffs.[16] The related cases were consolidated by the Court.[17]

## III.   <u>Law and Analysis</u>

In the motion to dismiss, TLC argues the action should be dismissed: (A) under Fed. R. Civ. P. 12(b)(7) because Plaintiffs have failed to join the state court plaintiffs who are indispensable parties under Fed. R. Civ. P. 19; and, (B) under the abstention doctrine.[18]

### A. *Whether Disposition of the Action Might Impair or Impede the Gee Plaintiffs' Ability to Protect Their Interests*

Federal Rule of Civil Procedure 12(b)(7) authorizes a motion to dismiss for failure to join a required party in accordance with Rule 19. A party is indispensable under Rule 19 of the Federal Rules of Civil Procedure if, as a matter of equity, the court finds that the lawsuit cannot proceed without the absent party. Persons *required* to be joined include a person who, "in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to

---

[16] *Id.*; Rec. Doc. No. 1 at 2.
[17] Rec. Doc. No. 23.
[18] Rec. Doc. No. 24 at 1; Rec. Doc. No. 15 at 1.

the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest." Fed. R. Civ. P. 19(a)(1)(B).[19]

The movant bears the initial burden of demonstrating that an absent party is a required party, but if an initial appraisal of the facts demonstrates the absent person is required, the burden is shifted to the opponent of joinder. *Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

Continental and Rockhill argue that the *Gee* plaintiffs are not indispensable to this action, in particular, because their interest is speculative, as TLC's liability has not been determined, and because any interest they may have is merely financial.[20] However, in seeking a declaratory judgment that they are not liable under the insurance policies with regard to the pending state action, Plaintiffs cannot now claim that the *Gee* plaintiffs lack a sufficient interest.

The absent *Gee* plaintiffs are necessary and indispensable parties to this declaratory judgment action seeking to determine whether insurers are liable for judgments rendered against its insured. *See Ranger Ins. Co. v. United Housing of New Mexico,*

---

[19] The Court proceeds under Fed. R. Civ. P. 19(a) and not (b) as joinder of the *Gee* plaintiffs, of Louisiana, would not deprive this Court of subject matter jurisdiction under 28 U.S.C. § 1332.

[20] Rec. Doc. No. 17 at 4-5.

*Inc.*, 488 F.2d 682 (5th Cir. 1974). First, their interest relating to the state court litigation is real. Having to contend with the *stare decisis* effect of rulings impairs or impedes a party's ability to protect its interest in the underlying action. *Ranger Ins. Co. v. Events*, No. Civ. A. 03-2831, 2004 WL 2004545, at *5 (E.D. La. Sept. 8, 2004)(*citing United Housing,* 488 F.2d at 683 (concluding that claimants seeking damages against an insured, were indispensable parties under Rule 19(a) to a declaratory judgment action brought by the insurer against the insured and seeking to establish policy coverage provisions)); *cf. Tower Group Companies v. Ozark Housing Development Inc.*, 984 F.Supp. 2d 1193, 1199 (M.D. Ala. Nov. 22, 2013)("entering summary judgment...on its declaratory judgment claims...could preclude any claims brought by the Tort Plaintiffs in a subsequent direct action...should the Tort Plaintiffs prevail in the state court action."). Second, binding authority has not restricted or differentiated financial interests. *See Ranger Insurance Co.*, 2004 WL 2004545, at *4.

Many federal courts have also held that injured persons are *necessary and indispensable* parties in actions for declaratory judgments construing coverage under a liability insurance policy. *See e.g. American Safety Cas. Ins. Co. v. Condor Associates, Ltd*. 129 Fed. App'x 540, 542 (11th Cir. 2005)(applying the binding conclusion in *United Housing,* 488 F.2d 682, which was adopted by

the new Eleventh Circuit); *Alonzo v. State*, No. Civ. A. 02-2792, 2002 WL 31654918 at *2 (E.D. La. Nov. 21, 2002); *Allstate Property and Cas. Ins. Co. v. Cogar*, 945 F.Supp. 2d 681, n. 2 (N.D. W.Va. May 13, 2013); *Star Ins. Co. v. Treible's Wrecker Service, Inc.*, No. 3:12-cv-0047, 2012 WL 2389750, at *2 (M.D. Pa. June 22, 2012)(stating that this rule is well settled in the Third Circuit); *but see e.g. Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 242 (E.D. Pa. 2013) (finding that injured parties were not indispensable parties).

The Court concludes that disposition of this action may practically impair or impede the possible recovery by *Gee* plaintiffs in their state court action, making them necessary and indispensable parties to this declaratory judgment action. However, joinder would not deprive this Court of subject matter jurisdiction. The Court next considers whether joinder would be appropriate in this matter.

### B. *Whether the Court Should Abstain from Exercising Jurisdiction over This Declaratory Judgment Action*

The Declaratory Judgment Act, 28 U.S.C. § 2201, has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 Fed. App'x 970, 972 (5th Cir. 2005). When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action,

it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*. 316 U.S. 491 (1942); *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). The *Brillhart* standard affords a district court broad discretion in determining whether to stay or dismiss a declaratory judgment action when parallel state court proceedings are pending. *Brillhart,* 316 U.S. 494.[21]

In *St. Paul Ins. Co. v. Trejo*, the Fifth Circuit stated that, in determining whether to dismiss a declaratory judgment action, a district court must consider the following:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court could serve the purposes of judicial economy; and, (7) whether the federal court is being called on to construe a

---

[21] The *Colorado River* doctrine does not apply here as the consolidated cases seek only declaratory judgment and there are no coercive claims or claims for monetary or other relief. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. 39 F.3d 585, 590 (5th Cir. 1994); *see also Trent v. National City Bank of Indiana*, 145 Fed. App'x 896 (5th Cir. 2005); see *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003).

These seven factors address three broad considerations-federalism, fairness and improper forum shopping, as well as efficiency. *American Bankers Life Assurance Co. of Fl. v. Overton*, 128 Fed. App'x 399, 402 (5th Cir. 2005); *Sherwin- Williams Co. v. Homes Cnty.*, 343 F.3d at 389-91.

## Application of *Brillhart* and the *Trejo* Factors

**There is a pending state action, involving all three parties, in which all of the matters in controversy may be fully litigated.** The relevant issues in the pending state action are the following: (1) whether TLC was negligent in providing linens to Children's Hospital; (2) whether TLC is liable to state court plaintiffs for the same; (3) whether Continental is liable to state court plaintiffs under the Continental Policy with TLC; and, (4) whether Rockhill is liable to state court plaintiffs under the Umbrella Policy.

Rockhill argues that, "there is no state court action pending between Rockhill and TLC concerning the issue of coverage."[22] However, the state court pleadings in *Gee* directly implicate the insurance policies with TLC.[23] Continental argues that, "the pending state court actions do not address the specific controversy before this Court, *i.e.* Continental's coverage obligations to its insured."[24] However, the state court cannot address the claims by state court plaintiffs against Continental and Rockhill, without addressing their respective coverage obligations. The issue of coverage may be fully litigated and resolved by the state court. *Cf. Axis Ins. Co. v. Turner Industries Group,* No. 14-146, 2014 WL 3796425, at * 3 (E.D. La. July 31, 2014). Whether the Fungi Exclusion applies to bar coverage and relieve Plaintiffs of their obligations under both policies depends entirely upon whether TLC is liable as alleged by the *Gee* plaintiffs. Therefore, this Court may not be able to fully resolve all matters in controversy, unless necessary and indispensable parties are joined.

**The purpose of judicial economy is not served by retaining the lawsuit in federal court.** "Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state court's ruling, creating unnecessary

---

[22] Rec. Doc. No. 25 at 16.
[23] Rec. Doc. No. 17-2 at 12, 15.
[24] Rec. Doc. No. 17 at 8.

issues and unnecessarily complicating the procedural posture of both lawsuits." *Accident Ins. Co., Inc. v. Blanchet*, No. 13-0387, 2013 WL 3868091, at *6 (W.D. La. July 22, 2013). "The coverage questions involved in this suit will likely be very fact intensive so duplicative discovery and motion practice with the potential for inconsistent rulings in the state and federal forums is a genuine concern." *Clarendon America Ins. Co. v. Grant*, No. 08-4286, 2009 WL 511308, (E.D. La. Feb. 27, 2009). **Federal court may become a highly inconvenient forum for the parties and witnesses to simultaneous litigation.** In sum, issues of judicial economy militate in favor of allowing the coverage issues to be determined in state court.

**The circumstances surrounding the filing of the individual cases in federal court suggest that Plaintiffs sought to gain inequitable precedence in the state court action.** The *Gee* action was filed in state court on April 21, 2014. TLC tendered the defense of the *Gee* action to Continental on May 1, 2014.[25] Continental filed the instant action on May 16, 2014.[26] Although Continental and Rockhill were not added as defendants in the state action until June 18, 2014, and July 17, 2014,[27] respectively, both were aware of the state court action, and anticipated or should have anticipated that they would be, either as the state action

---

[25] Rec. Doc. No. 1 at 5.
[26] Rec. Doc. No. 1.
[27] Rec. Doc. No. 17-2 at 12, 15.

progressed and documentation on liability coverage was made known to state court plaintiffs, or, as the insured reasonably implead its liability insurer.

In May and June of 2014, Plaintiffs filed their respective complaints seeking declaratory judgment on coverage related issues.[28] Plaintiffs are fully aware that any declaratory judgment in this matter would result in the absent state court plaintiffs, as well as TLC, being estopped from raising the coverage related issues in state court. Although there is insufficient evidence of forum-shopping, the foregoing circumstances are highly suggestive of Plaintiffs having filed their suits to gain precedence in the state court action.

**The federal court is not being called on to construe a state judicial decree.** However, the Court notes that this consolidated matter does not involve any federal law issues. The coverage related issues here, are intricately related to the liability issues, both of which are at issue in the state court action, and arise under state negligence and insurance law.

## Conclusion

Under the *Brillhart* discretionary standard, and upon consideration of the *Trejo* factors, the Court concludes that it

---

[28] Rec. Doc. No. 1; Case No. 14-1438, Rec. Doc. No. 1.

would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *Brillhart*, 316 U.S. at 495. After careful consideration, this Court finds that permitting the underlying litigation to proceed unimpeded would be the better course of action. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided. *Id*.

Lastly, the state court action raises the same coverage questions here, as well as the underlying liability issues not present in this action, all of which suggest that the state action would be the more efficient venue for resolving the rights of all interested parties. The federalism, fairness and efficiency factors strongly favor allowing the state court to resolve the issues before it in the pending state court action. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Rec. Docs. No. 15, 24) is **GRANTED** and the instant lawsuit is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 15th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

13